The Honorable Representative Doug Wood State Representative Post Office Box 5606 North Little Rock, AR 72119
Dear Representative Wood:
This is in response to your request for an opinion regarding Act 439 of 1989. You have asked the following specific questions in this regard:
Under this Act, does the Police Chief report directly to the Mayor of the municipality regarding the day-to-day managerial operations of the police department? If so, what is the role of the Civil Service Commission in these instances?
It must be initially noted, in response to your first question, that while Act 439 of 1989 expressly limits the powers and duties of Civil Service Commissions in connection with the "normal and routine day to day operations" of a police department (Section 1 of Act 439), the act does not otherwise address these daily operations. We therefore cannot conclude that under Act 439, the police chief reports directly to the mayor in this regard. Act 439 simply does not address this matter.
A review of other general laws in this area may, however, offer some guidance. I assume that your first question is asked with respect to a city operating under the mayor/city council form of government. Arkansas Code of 1987 Annotated 14-52-101 should be considered wherein it states:
 The city council shall have power to establish a city police department, to organize it under the general superintendence of the mayor, and to prescribe its duties and define its powers in such manner as will most effectually preserve the peace of the city, secure the citizens thereof from personal violence, and safeguard their property from fire and unlawful depredations.
Also potentially relevant to your inquiry is A.C.A. 14-51-303, which states:
 All employees in any fire or police department affected by this chapter (Chp. 51 entitled "Civil Service For Police and Fire Department") shall be governed by rules and regulations set out by the chief of their respective police or fire departments after rules and regulations have been adopted by the governing bodies of their respective municipalities.
It thus becomes apparent that a determination with respect to the day to day superintending authority requires review of pertinent municipal ordinances. While it may be concluded the mayor generally supervises the conduct of all city officers,* thus indicating that the police chief will report to the mayor, matters pertaining to the daily managerial operations may be addressed by city ordinance.
In response to your second question concerning the role of the Civil Service Commission, it should be recognized that the Commission's rule-making authority remains intact, notwithstanding the 1989 amendment limiting its control over "day to day operations." Acts of 1989, No. 439, 1. Under A.C.A. 14-51-39 (Supp. 1987) the board of civil service commissioners is authorized to "prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities." A.C.A. 14-51-301(a)(1). I have enclosed a copy of this Code provision, which prescribes what the rules shall provide for. A.C.A. 14-51-301(b). Subsection (c) of 14-51-301 was amended by the 1989 act to state that the Commission ". . . shall not adopt any rule or rules which would authorize any interference with the day to day management or operation of a police or fire department." Acts of 1989, No. 439, 2.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
* A.C.A. 14-43-504(b)(1) states that the mayor shall "(s)upervise the conduct of all the officers of the city, examine the grounds of all reasonable complaints made against them, and cause all their violations of duty or other neglect to be properly punished or reported to the proper tribunal for correction."